UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Bureau of Consumer Financial Protection, <br><br> Petitioner, <br><br> v. <br><br> Nu Republic, LLC, <br> Refund Republic, LLC, and <br> Khadija Williams, <br><br> Respondents. | Case No. <br><br><br> **PETITION TO ENFORCE CIVIL INVESTIGATIVE DEMANDS AND SUPPORTING MEMORANDUM** |

Petitioner, the Bureau of Consumer Financial Protection (Bureau), seeks an order from this Court directing Respondents—Nu Republic, LLC; Refund Republic, LLC; and Khadija Williams—to show cause why they need not comply with the Bureau's Civil Investigative Demands (CIDs). The Bureau has served a CID on each of these Respondents, but none of them has responded.

The Bureau is an independent federal agency charged with regulating the offering and provision of consumer-financial products and services.[1] To

---

[1] 12 U.S.C. § 5491(a).

1

fulfill this purpose, the Bureau is authorized to issue a CID to any entity or individual it has reason to believe may have information relevant to a violation of federal consumer-financial law.[2] A CID issued by the Bureau may, among other things, require the recipient to produce documents, answer interrogatories, provide written reports, and designate a witness to testify.[3]

Exercising this statutory authority, on September 5, 2019, the Bureau issued CIDs to Nu Republic, LLC, Refund Republic, LLC, and Khadija Williams (collectively referred to as "the Franchisors").[4] The Bureau is investigating whether the Franchisors violated federal consumer-financial laws while engaging in activities related to (a) offering, brokering, providing, or acting as program managers for refund-anticipation loans or the financing of tax-preparation fees; (b) deposit-taking activities, transmitting or exchanging funds or otherwise acting as a custodian of funds or any financial instrument for use or on behalf of a consumer; (c) providing financial-advisory services; or (d) providing payments or other financial data-processing products or services to a consumer by any technological means.

---

[2] 12 U.S.C. § 5562(c)(1).
[3] *Id.*
[4] Decl. of David Dudley (Dudley Decl.) at ¶ 4 and Exs. 1-3.

The CIDs seek documents, interrogatory responses, and data about the Franchisors' offering and providing of tax-refund transfer products and credit-counseling services through local, storefront tax-preparation franchisees.[5] The CIDs were each served upon the Franchisors in accordance with 12 U.S.C. § 5562(c)(8).[6] Although Refund Republic's registered agent refused service of the CID via registered mail, the relevant statute provides that service is made by "depositing a duly executed copy in the United States mails, by registered or certified mail, return receipt requested, duly addressed to such person at the principal office or place of business of such person."[7] The Franchisors have failed to provide any response to or otherwise comply with the Bureau's CIDs.

## I. Jurisdiction and Venue

The Bureau has authority under the Consumer Financial Protection Act of 2010 (CFPA) to issue CIDs and enforce them in district court.[8] When an entity refuses to comply with a CID, the CFPA authorizes the Bureau to petition the district court for an order to enforce the CID in "any judicial

---

[5] *Id.* at ¶ 4 and Exs. 1-3.
[6] *Id.* at ¶¶ 5-12.
[7] 12 U.S.C. § 5562(c)(8)(C).
[8] 12 U.S.C. § 5562(c)(1), (e)(1).

3

district in which such person resides, is found, or transacts business."[9] Nu Republic, LLC and Refund Republic, LLC are located in and transact business in the Northern District of Georgia. Kadijah Williams resides in the Northern District of Georgia. Venue is proper in this district.

## II. Factual Background

On September 5, 2019, the Bureau issued CIDs seeking documents, interrogatory responses, and data from Nu Republic and Refund Republic related to their offering or providing of tax-refund transfer products and credit-counseling services.[10] Also on September 5, 2019, the Bureau issued a CID to Khadija Williams,[11] who is a part-owner and manager for Nu Republic and Refund Republic. Each of these CIDs set a compliance deadline of October 7, 2019. The CIDs were each served on the Franchisors, and none of the Franchisors has provided any response to or otherwise complied with the Bureau's CIDs.[12]

## III. Legal Argument

Administrative agencies like the Bureau have "broad investigatory

---

[9] 12 U.S.C. § 5562(e)(1).
[10] Dudley Decl. at ¶ 4 and Exs. 1-2.
[11] *Id.* at ¶ 4 and Ex. 3.
[12] *Id.* at ¶¶ 9-11.

power."[13] And a district court's role in evaluating an enforcement request such as this one is "sharply limited."[14]

To establish that the Court should enforce the CIDs, the Bureau must show that: (1) the investigation is within the Bureau's authority; (2) the Bureau's demand is not too indefinite or overly burdensome; and (3) the information sought is reasonably relevant to the investigation.[15]

The CIDs at issue here are within the Bureau's authority. The Bureau may act to prevent any "covered person" or "service provider" from "offer[ing] or provid[ing] to a consumer any financial product or service not in conformity with Federal consumer financial law, or otherwise commit[ting] any act or omission in violation of a Federal consumer financial law."[16] These laws include the prohibition on covered persons or service providers employing unfair, deceptive, or abusive acts or practices.[17] Another is the

---

[13] *United States v. Fla. Azalea Specialists*, 19 F.3d 620, 622-23 (11th Cir. 1994).
[14] *EEOC v. Kloster Cruise, Ltd.*, 939 F.2d 920, 922 (11th Cir. 1991); *accord FTC v. Texaco, Inc.*, 555 F.2d 862, 871-72 (D.C. Cir. 1977) (*en banc*).
[15] *EEOC v. Tire Kingdom*, 80 F.3d 449, 450 (11th Cir. 1996); *see also United States v. Morton Salt Co.*, 338 U.S. 632, 652 (1950).
[16] 12 U.S.C. § 5536(a)(1)(A).
[17] 12 U.S.C. § 5481(14) (defining Federal consumer financial law as including "the provisions of this title"); *id*. §§ 5531, 5536 (prohibiting unfair, deceptive, or abusive acts or practices related to consumer financial products).

5

Truth in Lending Act.[18] The Franchisors issued thousands of tax-refund products and offered credit-counseling services in multiple states. The tax-refund products may be an extension of credit because they function as short-term loans to taxpayers secured by their anticipated federal tax refunds. These are consumer-financial products or services subject to the Bureau's authority.[19]

The information sought by the CIDs is relevant to the agency's investigation.[20] Relevance is broadly interpreted in the context of enforcing administrative subpoenas.[21] The Supreme Court explained that "the established rule" is that "the term 'relevant' be understood 'generously' to

---

[18] 12 U.S.C. § 5481(14) (defining Federal consumer financial law as including "enumerated consumer laws"); *id.* § 5481(12)(O) (including the Truth in Lending Act as one of the enumerated consumer laws).

[19] 12 U.S.C. § 5481(15)(A)(i) ("extending" or "brokering" credit), (iv) ("deposit taking activities, transmitting or exchanging funds or otherwise acting as a custodian of funds or any financial instrument for use by or on behalf of a consumer"), (vii) ("providing payments or other financial data processing products or services to a consumer"), (viii) ("providing financial advisory services . . . including (I) providing credit counseling to any consumer and (II) providing services to assist a consumer with debt management or debt settlement").

[20] *McLane Co. v. EEOC*, 137 S.Ct. 1159, 1165 (2017).

[21] *Texaco*, 555 F.2d at 872; *see also Fla. Azalea Specialists*, 19 F.3d at 622-23 (noting an agency "can investigate merely on suspicion that that law is being violated, or even just because it wants assurance that it is not") (*quoting Morton Salt Co.*, 338 U.S. at 622-23).

permit [federal agencies] 'access to virtually any material that might cast light on the allegations.'"[22]

Here, the Bureau's CIDs seek documents, interrogatory responses, and data related to the Franchisors' refund-anticipation checks, refund transfers, and credit-counseling services. And the Bureau's CIDs explain, in a notification of purpose included on the CID's cover page, that the Bureau is investigating whether the Franchisors misled consumers about the true cost of their loans or whether they enrolled them in credit-counseling services without their knowledge or consent.[23] Either of these practices could constitute unfair, deceptive, or abusive acts or practices prohibited by the CFPA. The CIDs thus seek relevant information.

Finally, the Bureau's CIDs are narrowly tailored to seek information related to the business practices described above. The Franchisors did not participate in the Bureau's meet-and-confer process or otherwise communicate with the Bureau regarding the CIDs, so the Bureau is unaware of any claims that the CIDs are too indefinite or overly burdensome.[24]

---

[22] *McLane*, 137 S.Ct. at 1169 (*quoting EEOC v. Shell Oil Co.*, 466 U.S. 54, 68-69 (1984)).
[23] Dudley Decl. at ¶¶ 4-5 and Exs. 1-3.
[24] *Id.* at ¶ 10; *see* 12 C.F.R. § 1080.6(c) (Jan. 1, 2012) (providing for meet-and-confer process).

## Demand for Relief

The Bureau respectfully asks that this Court:

1. order Nu Republic, LLC, Refund Republic, LLC, and Khadija Williams to show cause why they should not be required to comply with the Bureau's CIDs;

2. enter an order directing Nu Republic, LLC, Refund Republic, LLC, and Khadija Williams to fully comply with the CIDs by producing the requested interrogatory responses, documents, and written reports no more than 30 days after entry of the order;

3. award the Bureau the costs it incurred in maintaining this action; and

4. grant such other relief as this Court deems just and proper.

Dated: January 24, 2020

Respectfully submitted,

LOCAL COUNSEL

BYUNG J. PAK
United States Attorney

/s/ Akash Desai
AKASH DESAI
Assistant U.S. Attorney
Georgia Bar No. 338124

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, Georgia 30303
Telephone: (404) 581-6364
Facsimile: (404) 581-6181

FOR PETITIONER:

BUREAU OF CONSUMER
FINANCIAL PROTECTION

CARA PETERSEN
Acting Enforcement Director

DEBORAH MORRIS
Deputy Enforcement Director

/s/ David Dudley
DAVID DUDLEY
Enforcement Attorney
D.C. Bar No. 474120
Telephone: (202) 435-9284
Email: david.dudley@cfpb.gov

JOANNA SHALLECK-KLEIN
Enforcement Attorney
California Bar No. 275686
Telephone: (202) 435-9095
Email: joanna.shalleck-klein@cfpb.gov

Bureau of Consumer Financial
Protection
1700 G Street, NW
Washington, D.C. 20552
Facsimile: (202) 435-5477